UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ENDOTACH LLC,                          )
                                       )
                    Plaintiff,         )
                                       )
            vs.                        )        No. 1:14-mc-00005-LJM-DKL
                                       )
COOK MEDICAL INCORPORATED,             )
                                       )
                    Defendant.         )

## ORDER

Pending before this Court is Endotach LLC's Motion for Protective Order directed to various areas of concern designated by Cook Medical Incorporated ("Cook") for inquiry at a scheduled deposition by Cook of a Federal Rule of Civil Procedure 30(b)(6) witness from Endotach and its owner, Acacia Research Group ("Acacia"). Endotach has sought the order of this Court that it be protected from answering questions in five topic areas.

"The [C]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The Court has broad discretion to control discovery. *See* Fed. R. Civ. P. 26(c)(1)(D); *Cent. States, S.E. & S.W. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). The burden is on the party seeking a protective order to show good cause. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990); *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007). Conclusory statements of hardship are insufficient; rather, more particularized or specific facts are needed to meet the standard. *See United States v. Garrett*, 571 F.2d 1323, 1326 n.3

(5th Cir. 1978); *Johnson*, 242 F.R.D. at 483. Further, although "relevance" under the Federal Rules of Civil Procedure is construed broadly, it is not without limitation. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Generally, such a limitation exists when "the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002).

Initially, Endotach has alleged that any inquiry into the corporate structure of Acacia and all of its related companies is irrelevant. As Cook is aware, Acacia is the parent company of several corporate entities including Endotach. Cook asserts that Endotach and Acacia are so intertwined as to make Endotach the alter ego of Acacia. From this Cook concludes that it may proceed to deposition of both Acacia and Endotach on these issues.

The first topic to be addressed is Cook's request, quoting from its brief, for information regarding the "corporate structure of Acacia and Acacia's relationship with its subsidiaries other than Endotach." The resolution of the patent dispute in the underlying action will not be assisted by information involving Acacia's relationship with others of its subsidiaries. The request for a protective order on this subject is therefore GRANTED.

The relationship between Acacia and Endotech is a different matter. Evidence before the Court at this point in the litigation illustrates that the assignment of the patents in suit from Acacia to Endotach and the facts surrounding that assignment are fair game for inquiry. It appears also that the scheduled deposition addressed these

matters and they can be resolved without determining whether Endotach is or is not the alter ego of Acacia.

The second topic is inquiry into Acacia's revenues, including "the revenues for 2013 to date, trailing 12-month revenues, 2012 revenues, and the identification of the value in cash on hand." Cook asserts that this information is open for inquiry both because it is readily available and because it will thwart Endotach's "David and Goliath" trial strategy. Should Endotach make its size relevant at trial, the relevance of this information may change. Until then, it is this Court's view that inquiry into this area will neither assist the trier of fact nor will it lead to anything that will be. The Court now GRANTS the protective order addressed to topic number two.

The next topic of inquiry in dispute is information regarding office location and the allocation of office space among Acacia's subsidiaries. This knowledge will not assist in the resolution of the underlying patent dispute before the Court. The request for protective order on this issue is GRANTED.

The request for protective order is also directed to information regarding Acacia's "business and the business of its related entities." Cook asserts that it wants to inquire about Acacia's business because it "involves the creation of subsidiaries, and assertion of intellectual property rights, as part of a business model." This information would not assist the fact finder in the resolution of the underlying patent dispute before the Court nor will it lead to the same. The size and business plan of either plaintiff or defendant is simply not relevant. The jury will be instructed at the close of the underlying case, as it is in every case, to consider the case as an action between persons of equal standing in the community, of equal worth and holding similar stations in life. They will be further

instructed that all parties, including corporations are to be dealt with as equals in a court of justice. Therefore, the motion for protective order is GRANTED on these issues.

The final substantive issue concerns an inquiry into Acacia's business of acquisition of patent portfolios and statements made by Acacia's President about Acaica's estimate of the profitability of licensing of patent rights. Cook argues that the statement made by the Acacia representative is an admission against interest and as such is directly relevant to the assessment of a reasonable royalty for Cook's alleged infringement. The Court notes that the statement in its entirety is Acacia's observation that attempts to license medical devices without the threat of patent litigation were not as successful as had been projected. This statement and this subject are irrelevant to the underlying litigation. Finally, the fact that it is a part of Acacia's business to acquire patents and monetize them is irrelevant to this litigation. Out of an abundance of caution the Court notes that Cook has not argued that the information it now seeks is relevant to its latches defense. Therefore, the motion for protective order is GRANTED as to topic numbers twenty-four and 25.

Endotach also seeks protection from another seven-hour deposition, which Cook claims it is entitled to because it served nearly identical subpoenas on two individual entities: Endotach and Acacia. However, Cook ignores its own acknowledgement that the parties could save time, a whole day, because Endotach was proffering one witness to testify on the unobjectionable topics for both corporations. Dkt. No. 13-24, at page 3 of 4 ("Based on your previous representations that Endotach and Acacia are presenting a single witness to testify for both of them, we understood that the depositions would be conducted together to save time. . . . Otherwise we will need to reserve two days for

the depositions (one for Acacia and one for Endotach").  On this record, the Court must GRANT Endotach's motion for protective order on this ground as well.

For the foregoing reasons, Endotach LLC's and Acacia Research Group's Motion for Protective Order Regarding Cook Medical Corporations' Subpoena to Testify at a Deposition in a Civil Case and Request for 30(b)(6) Testimony is **GRANTED**.

IT IS SO ORDERED this 4th day of March, 2014.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Bradley G. Lane
BRINKS GILSON & LIONE
blane@brinksgilson.com

Dominic P. Zanfardino
BRINKS GILSON & LIONE
dzanfardino@brinksgilson.com

Jason W. Schigelone
BRINKS GILSON & LIONE
jschigelone@brinksgilson.com

Jeffry Michael Nichols
BRINKS GILSON & LIONE - CHICAGO IL
jnichols@brinksgilson.com

Michael T. Cooke
FRIEDMAN SUDER & COOKE
mtc@fsclaw.com

Brett Michael Pinkus
FRIEDMAN SUDER & COOKE - FORT WORTH TX
pinkus@fsclaw.com

Jonathan T Suder
FRIEDMAN SUDER & COOKE - FORT WORTH TX
jts@fsclaw.com

Glenn S. Orman
FRIEDMAN, SUDER & COOKE
orman@fsclaw.com